UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES

    v.                                        C.R. No. 97-024L

KEVIN B. LOCKHART

**MEMORANDUM AND ORDER**

Before the Court is an Omnibus Motion to Modify Sentence 18 U.S.C. § 3582(c)(1)(B) [and] Petition for a Writ of Mandamus (Doc. #84) ("Omnibus Motion") filed by Defendant Kevin B. Lockhart. Pursuant to the Court's Order (Doc. #85), the Government filed a response (Doc. #86) ("Gov't Response") to the Omnibus Motion. The Court has determined that no hearing is necessary. The Court concludes that Defendant's Omnibus Motion is, in reality, a second or successive motion pursuant to 28 U.S.C. § 2255 and that, as a result, this Court lacks jurisdiction to consider the merits of Defendant's claims.

I.    BACKGROUND[1]

Defendant was indicted on March 12, 1997, along with a co-defendant, on charges of conspiracy to possess with intent to distribute a controlled substance (Count I) and knowingly and intentionally attempting to possess with intent to distribute a mixture and substance containing cocaine (Count II). On March 20,

---

[1] The background is taken primarily from the First Circuit's April 21, 2000, opinion and this Court's docket. A detailed description of the events leading to Defendant's arrest is contained in the First Circuit's opinion, see United States v. Woods, et al., 210 F.3d 70, 73 (1st Cir. 2000), and need not be repeated here.

1998, after a jury trial, Defendant was convicted on both counts. He was sentenced on October 8, 1998, to 360 months incarceration, to be followed by 8 years of supervised release, on each count. The sentences were to run concurrently. Judgment entered on October 13, 1998.

Defendant appealed his conviction to the Court of Appeals for the First Circuit, raising arguments of insufficiency of the evidence; the admission of certain statements of his co-conspirator; and prejudice from alleged "spillover evidence." The First Circuit affirmed Defendant's conviction on April 21, 2000.

Subsequently, on January 24, 2001, Defendant filed a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 (Doc. # 1 in CA 01-35L). That motion was denied by a Memorandum and Order (Doc. #8 in CA 01-35L) dated September 21, 2001. Defendant appealed the denial, but the First Circuit ultimately dismissed the appeal for lack of prosecution (Doc. #16 in CA 01-35L).

## II. DISCUSSION

The Government has succinctly summarized the issues raised in Defendant's somewhat rambling Omnibus Motion as follows:

> Lockhart alleges that the grand jury which returned the indictment was unconstitutionally constituted; the indictment was defective; appointed counsel was forced upon him and was ineffective; he was denied a speedy trial; appellate counsel failed to raise specific arguments; and the Honorable Ronald R. Lagueux abandoned his role as a neutral judicial officer and engaged in a fraud.

2

Gov't Response at 1. However, the question before this Court is procedural: whether Defendant has an avenue by which to present his claim. See United States v. Barrett, 178 F.3d 34, 42 (1st Cir. 1999)(noting that petitioner's underlying claim was before the court "only to the extent that the nature of that claim is relevant to the determination of whether there is a means available for asserting it"). For the reasons stated below, this Court lacks jurisdiction to entertain the Omnibus Motion and it is, therefore, DISMISSED without prejudice to being refiled if and when Defendant receives permission from the Court of Appeals for the First Circuit to do so.

Defendant asserts that the Omnibus Motion "is not to be construed as a 28 U.S.C. § 2255 motion, or second or consecutive 2255 motion ...." Omnibus Motion at 10. He claims that § 2255 is "inadequate," because it "'assumes' jurisdiction when jurisdiction was challenged, yet never proven," id., and it "is limited to constitutional questions, when this is a question of jurisdiction," id. He is mistaken.

> Section 2255 provides in relevant part that:
> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, **or that the court was without jurisdiction to impose such sentence**, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
> ....

3

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255 (bold added). Congress enacted 28 U.S.C. § 2255 as a substitute for the traditional habeas remedy with respect to federal prisoners. Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008). "The statute was intended to provide a federal prisoner with an exclusive means of challenging the validity of his conviction or sentence, save only in those few instances in which the statutory remedy proved 'inadequate or ineffective to test the legality of his detention.'" Id. (quoting 28 U.S.C. § 2255(e)).

In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). Id.

> That statute imposed significant new constraints on proceedings under section 2255. Some of these constraints were temporal; for example, AEDPA established a one-year statute of limitations for filing a section 2255 petition. 28 U.S.C. § 2255(f). Some of these constraints were numerical; for example, AEDPA required a federal prisoner who sought to prosecute a second or successive section 2255 petition to obtain pre-clearance, in the form of a certificate, from the court of appeals. Id. § 2255(h). By the terms of the statute, such a certificate will be made available only if the prisoner can show that the proposed second or successive petition is based either on newly discovered evidence or a new rule of constitutional law. Id. We have interpreted this provision as "stripping the district court of jurisdiction over a second or successive habeas petition

4

> unless and until the court of appeals has decreed that it may go forward." Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997).

Trenkler, 536 F3d at 96 (footnote omitted); see also Pratt, 129 F.3d at 57 ("AEDPA incorporates by reference in section 2255 the same screen that AEDPA makes applicable to second or successive habeas petitions prosecuted on behalf of persons being held in state custody. The statute thus requires a federal prisoner, before docketing a second or successive habeas petition in the district court, to obtain from the 'appropriate court of appeals ... an order authorizing the district court to consider the application.'" (quoting 28 U.S.C. § 2244(b)(3)(A))(alteration in original). "From the District Court's perspective, these pre-clearance provisions are an allocation of subject-matter jurisdiction to the court of appeals." Barrett, 178 F.3d at 41 (internal quotation marks omitted).

Not every numerically second petition is considered "second or successive." For example, "a numerically second petition is not 'second or successive' if it attacks a different criminal judgment or if the earlier petition terminated without a judgment on the merits." Pratt, 129 F.3d at 60. Here, however, it is clear that the Omnibus Motion attacks the validity of the same conviction and/or sentence, see Omnibus Motion at 9 ("The sentence in this case is clearly unconstitutional and therefore should be 'modified,' and vacated."), and Defendant's previous § 2255 motion

5

was denied on the merits, see September 21, 2001, Memorandum and Order in CA 01-35L. Therefore, Defendant's Omnibus Motion is a second or successive petition within the meaning of the statute, and the Court treats it as such. See Barrett, 178 F.3d at 45 (noting that because earlier petition challenged the same judgment as the second petition, there was no new judgment or amendment of sentence, the second petition was not covered by any exceptions, and the prior petition was dismissed on the merits, the second petition was "second or successive"). Therefore, Defendant must first receive permission from the Court of Appeals to file a second or successive petition in this Court. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Defendant's arguments to the contrary are unavailing. His contention that § 2255 is inadequate because it is "limited to constitutional questions," Motion at 10, is belied by a reading of the statute, see 28 U.S.C. § 2255(a). Moreover, Defendant cannot claim that § 2255 is inadequate simply because he cannot meet the gatekeeping provisions of § 2255. See Triestman v. United States, 124 F.3d 361, 376 (2d Cir. 1997)("If it were the case that any prisoner who is prevented from bringing a § 2255 petition could, without more, establish that § 2255 is 'inadequate or

6

ineffective,'" ... then Congress would have accomplished nothing at all in its attempts—through statutes like the AEDPA—to place limits on federal collateral review."); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1977)("We do not suggest that § 2255 would be 'inadequate or ineffective' ... merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  Such a holding would effectively eviscerate Congress's intent in amending § 2255.").

Defendant's claim that the "intent of Congress," manifested in 18 U.S.C. § 3582(c)(1)(B), to allow reliance on other statutes in order to "modify" his sentence, Omnibus Motion at 1-2, is also misplaced.  The statutes which Defendant cites are inapplicable to the instant matter.

Finally, Defendant may not resort to the All Writs Act, 28 U.S.C. § 1651.  Defendant cannot make an end run around the provisions of § 2244, as incorporated in § 2255(h),  by titling his motion as something other than a motion brought pursuant to § 2255. See Barrett, 178 F.3d at 38 (noting that petitioner "cannot evade the restrictions of § 2255 by resort to ... the All Writs Act."); see also Trenkler, 536 F.3d at 90 (rejecting petitioner's request for writ of mandamus because "it amounted to a second or successive 2255 petition and, as such, ran afoul of the gatekeeping provisions of the ... AEDPA.").

7

> A close analysis of the substance of the petition in this case leaves no doubt but that, regardless of its label, the petition falls within the compass of section 2255. On its face, the petition is brought on behalf of a federal prisoner still in custody and challenges his sentence as unauthorized under the statutes of conviction. This is a classic habeas corpus scenario, squarely within the heartland carved out by Congress in section 2255.

Trenkler, 536 F.3d at 97.  Accordingly, Defendant must first seek permission from the First Circuit before filing his Motion in this Court.  The Motion is, therefore, DISMISSED without prejudice to being refiled should Defendant receive authorization to do so.

III. CONCLUSION

Without authorization from the Court of Appeals, this Court is without jurisdiction to consider Defendant's Omnibus Motion.  For this reason, and for the reasons stated in the Government's Response, the Omnibus Motion is DISMISSED without prejudice to being refiled if Defendant receives permission from the First Circuit to proceed.


SO ORDERED:


/s/Ronald R. Lagueux
Ronald R. Lagueux
Senior U.S. District Judge
DATE: 12/18/13